IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEA S. FRYE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-2289 |
| | § | |
| ANADARKO PETROLEUM CORP., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM & OPINION**

Lea S. Frye sued Anadarko Petroleum Corporation. (Docket Entry No. 2). After an extensive motions practice, the court granted Anadarko's motion to dismiss. (Docket Entry No. 44). Frye has appealed this court's final judgment dismissing her case. (Docket Entry No. 53). Frye now moves for reconsideration of the court's order to abate the deadline for Anadarko to move to maintain the seal on certain documents pending the resolution of Frye's appeal, and Anadarko has responded. (Docket Entry Nos. 64, 65).

Based on a careful review of the motion and response, the record, and the applicable law, the court denies the motion for reconsideration. The reasons for this ruling are explained below.

**I.    Background**

In 2017, Frye sued Anadarko, her former employer, alleging unlawful retaliation under § 21F(h)(1)(A) of the Dodd-Frank Act and seeking a declaratory judgment that Anadarko cannot use the nondisclosure agreement she signed to prevent her disclosing information that she alleges shows securities fraud. (Docket Entry No. 2). Frye filed the case under seal to avoid violating her

1

nondisclosure agreement, but she disputed that the information she sought to release was proprietary information that the agreement prevented her from disseminating. (*Id.* at ¶¶ 5, 45–46).

Anadarko moved to dismiss Frye's claims under Rule 12(b)(6). After extensive briefing and argument, the court granted the motion, entering final judgment in May 2018. (Docket Entry Nos. 38, 44, 45). The parties had previously agreed that the court should lift the seal on the case, and the court heard argument on the issue of which portions of the record should remain under seal. (Docket Entry Nos. 42, 51). The court then ordered the case unsealed but exempted certain docket entries until the parties briefed which portions of those docket entries should remain under seal. (Docket Entry No. 52). The court required Anadarko to file a motion to maintain the seal on portions of those docket entries by November 2, 2018. (*Id.*).

In August, Frye filed a notice of appeal of the final judgment. (Docket Entry No. 53). In October, Anadarko moved to abate the deadline for its motion to maintain the seal on currently sealed docket entries. (Docket Entry No. 62). The court granted the motion, reasoning that further action on sealing would not be limited to supporting the appeal or correcting clerical errors, because that the unsealing of documents was closely related to the merits of the case. (Docket Entry No. 63). Frye moves for reconsideration of the order to abate, arguing that the court misstated the law for the divestment of a district court's jurisdiction pending appellate review. (Docket Entry No.64).

## II.   The Legal Standard for a Motion for Reconsideration

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) ("[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration."). A court retains the power to revise an interlocutory order before entering

judgment adjudicating the parties' claims, rights, and liabilities. FED. R. CIV. P. 54(b). A motion seeking reconsideration of an order or judgment is generally considered a motion to alter or amend under Rule 59(e) if it seeks to change the order. *T–M Vacuum Prods., Inc. v. TAISC, Inc.*, No. 07–cv–4108, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008). A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Changing an order or judgment under Rule 59(e) is an "extraordinary remedy" that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed.1995). The Rule 59(e) standard "favor[s] the denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). A motion to reconsider may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised before the entry of the judgment or order. 11 WRIGHT, MILLER, & KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 127–28 (footnotes omitted).

### III. Analysis

As a general rule, a district court is divested of jurisdiction on the filing of a notice of appeal with respect to any matters involved in the appeal. *Alice L. v. Dusek*, 492 F.3d 563, 564–65 (5th Cir. 2007) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of

a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.")). In the Fifth Circuit, there are at least four exceptions to this general rule. First, a district court retains jurisdiction over matters that are collateral to the appeal, such as the merits of a case when the appeal concerns a preliminary injunction. *Farmhand, Inc. v. Anel Eng'g Indus.*, 693 F.2d 1140, 1145 (5th Cir. 1982). Second, a district court retains jurisdiction to entertain a motion to stay the judgment or order being appealed. *Id.* at 1145–46 (citing FED. R. APP. P. 8(a)). Third, a district court retains jurisdiction over matters that aid in the appeal, such as making clerical corrections in previous orders. *Id.* at 1145. Finally, a district court retains jurisdiction to modify or enforce preliminary injunctions, including through civil contempt proceedings. *Id.* at 1146 (quoting *Brown v. Braddick*, 595 F.2d 961 (5th Cir. 1979)).

Frye argues that unsealing documents is in the first category as a collateral matter to her appeal of the final judgment. Frye asserts that the court's order abating deadlines for the parties' motions and briefs on unsealing docket entries misapplied the legal standard for a district court's loss of jurisdiction by not recognizing the sealing issue as a collateral matter. (Docket Entry No. 64). Frye contends that the court should look to *Futurefuel Chemical Co. v. Lonza, Inc.*, 756 F.3d 641 (8th Cir. 2014), for clarification on the standard for a district court's jurisdiction when a final judgment is on appeal. (*Id.* at 2).

In *Futurefuel*, FutureFuel Chemical Company appealed both the district court's grant of summary judgment dismissing FutureFuel's breach of contract and promissory estoppel claims and the district court's order on Future Fuel's motion to unseal the record. *FutureFuel*, 756 F.3d at 644. The Eighth Circuit noted that the district court retained jurisdiction over the motion to unseal

4

because the issue was collateral to the summary judgment appeal. *Id.* at 648. Frye argues, based on *FutureFuel*, that this court's determination of what matters to unseal is collateral to her appeal from the grant of the motion to dismiss.

Anadarko responds that Frye's reliance on *FutureFuel* is unpersuasive. (Docket Entry No. 65 at 3). First, Andarko argues that the case, as an Eighth Circuit decision, is not precedential. (*Id.*). Andarko asserts that *FutureFuel* is distinguishable, and unpersuasive as a result, because in that case "neither party challenged the district court's jurisdiction to unseal the records during the pendency of the appeal." (*Id.*). Instead, the dispute was focused on the fact that "the appellate court could not review on appeal a nonfinal order of the district court." (*Id.*). Anadarko also distinguishes *FutureFuel* on the ground that the parties' claims did not involve the confidentiality of the record. (*Id.*).

While not precedential, *Futurefuel* does suggest that in some circumstances district courts may retain jurisdiction to decide disputes over the unsealing of parts of the record while the final judgment is on appeal. The Eighth Circuit explained that "the district court was permitted to consider whether to unseal the record despite [FutureFuel's] filing of a notice of appeal" because "the right of access to judicial records and document is independent" from the merits. *FutureFuel*, 756 F.3d at 648 (quoting *Stone v. Univ. of Md. Medical Sys. Corp.*, 855 F.2d 178, 180 n.\* (4th Cir. 1988)) (internal quotation marks omitted). But Anadarko is correct that this case is distinguishable from *Futurefuel* because, in this case, the confidentiality of the documents at issue is central to the merits of the dispute between Frye and Anadarko. *FutureFuel* was a contract dispute, not a disagreement over a nondisclosure agreement ancillary to employment. Frye sought a declaratory judgment that she could disclose the information in the sealed docketed material, despite her

5

nondisclosure agreement. (Docket Entry Nos. 1, 26, 37). While Frye's appeal focuses on the existence of a justiciable controversy necessary for the declaratory judgment she sought, a deciding on that issue implicates this court's decision on the extent of unsealing.[1] While the Fifth Circuit, unlike the Eighth Circuit, has not addressed how unsealing documents fits into the exceptions to a district court's divestment of jurisdiction on appeal, the Eighth Circuit's reasoning does show that the district court's decisions on unsealing of documents pending the appeal is collateral to the merits of the appeal.

Frye also cites *Alaska Electrical Pension Fund v. Flowserve Corp.*, 572 F.3d 221 (5th Cir. 2009) (per curiam), to argue that the district court's divestment of jurisdiction on appeal is narrow. (Docket Entry No. 64 at 6). *Alaska Electrical* involved an appeal of the district court's denial of class certification in a securities fraud case, followed by an appeal from the district court's grant of final judgment based on the absence of loss causation. *Alaska Elec. Pension Fund*, 572 F.3d at 224. Alaska Electrical Pension Fund argued that the district court lacked jurisdiction to enter the final judgment because Alaska Electrical Pension Fund had already appealed the district court's denial of class certification. *Id.* at 233. The Fifth Circuit rejected this argument, reasoning that "a district court's findings in connection with a holding on class certification do not resolve loss-causation issues on the merits, even when—as here—the two issues are practically identical." *Id.*

Frye also asserts that *Weingarten Realty Investors v. Miller*, 661 F.3d 904 (5th Cir. 2011), requires district courts to narrowly interpret the divestment of their jurisdiction following an appeal. (Docket Entry No. 64 at 5). In *Weingarten*, the district court denied a guarantor's motion to compel

---

[1] The appeal also challenge's this court's decision to dismiss Frye's retaliation claim under the Dodd-Frank Act. (Docket Entry No. 53).

arbitration, the guarantor appealed, and the district court denied his motion for a stay pending that appeal. *Weingarten*, 661 F.3d at 907. The Fifth Circuit explained that "because arbitrability is an issue easily separable from the merits of the underlying dispute," most circuit courts have concluded that a stay is not automatic while an appellate court considers an appeal of a denial to compel arbitration. *Id.* at 908. The Fifth Circuit concluded that a narrow interpretation of *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982), which held that a filing of an appeal divests the district court of jurisdiction on matters involved in the appeal, was appropriate in the arbitration context. According to the Fifth Circuit, this narrow reading means that a district court lacks jurisdiction on "an issue that the appellate court is deciding at the same time," but retains jurisdiction on separable matters. *Id.* at 909.

Anadarko argues that *Alaska Electrical* and *Weingarten* fail to support Frye's motion for reconsideration because both cases considered a district court's jurisdiction following appeals from interlocutory orders, not final judgments. (Docket Entry No. 65 at 3). Anadarko contends that the stronger jurisdictional principle articulated in *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298 (5th Cir. 1984), applies instead because that case, like this one, involved an appeal from a final judgment. (*Id.* (citing *Nicol*, 743 at 299)).

The decision on the merits of Frye's appeal is related to, and will likely affect, this court's approach to unsealing the sealed portions of the docket. Courts in the Fifth Circuit have found that a district court retains jurisdiction following an appeal from a final judgment primarily when the issue before the district court is whether to maintain the status quo. *See, e.g.*, *Sch. Bd. of the Parish of St. Charles v. Shell Oil Co.*, No. 04-2511-CJB-SS, 2008 WL11352625, at *2 (E.D. La. Dec. 3, 2008); *see also Jackson v. Transamerica Occidental Life Ins. Co.*, 149 F.3d 1178, 1778 (5th Cir.

7

1998). Arguments on unsealing the record documents in this case are likely to implicate or be intertwined with the merits of Frye's claim that Frye's nondisclosure agreement does not prohibit her from distributing it.

Even if the relationship between the merits of Frye's appeal and the unsealing motion before this court was not so close, the district court retains discretion to control its own calendar. While "[a] 'motion to abate' is not expressly authorized by federal statute or rule," "federal courts have authority to entertain such preliminary motions." *PJC Bros., LLC v. S&S Claims Servs., Inc.,* 267 F.R.D. 199, 200 n.2 (S.D. Tex. 2010). The decision to abate an action is "largely a matter of judicial discretion, 'which must be exercised in light of the policy against unnecessary dilatory motions.'" *Id.* (quoting 5C WRIGHT & MILLER, FED. PRAC. & PROC. § 1360 (3d ed. 2004)). Because the appeal will at least inform this court's future decision on unsealing portions of the record, abating the deadlines to brief that issue until the appellate court has acted is reasonable.

This court's order to abate the deadlines for motions related to the unsealing of documents did not manifest a clear error. Frye's motion for reconsideration is denied.

SIGNED on November 13, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge